UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WEBER MARINE, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-10 |
| | ) | |
| EDWIN BELIN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Weber Marine, L.L.C. ("Weber Marine"), for its Complaint for Declaratory Judgment, alleges the following upon information and belief:

1.      This is an action for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

2.      At all material times, Plaintiff Weber Marine was a limited liability company organized and existing under law.

3.      Defendant Edwin Belin is an individual who resides in Baton Rouge, Louisiana.

4.      This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. §1333, and Weber Marine herein invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

5.      Venue is proper in this matter under 28 U.S.C. Section 1391(b)(1) because the sole defendant resides within this judicial district.

6.      On or about September 30, 2021, Belin was employed by Weber Marine when he was allegedly injured in the course and scope of his employment.

7.      The precise nature, cause, and extent of Belin's injuries remains an issue of dispute between the parties at this time. Belin was released from medical care to return to work without restrictions on October 15, 2021. In spite of having been released to return to work without restrictions, Belin has sought, and continues to seek, payment of maintenance and cure benefits from Weber Marine.

8.      Among other things, Belin is seeking further medical treatment that Plaintiff contends is unwarranted, unreasonable, and/or unrelated to his alleged workplace injury.

9.      Despite Weber Marine's efforts to investigate Belin's requests for additional maintenance and cure benefits, an actual and substantial controversy exists, within this Court's admiralty jurisdiction, between parties with adverse legal interests with respect to the issues of Weber Marine's rights to investigate and whether, and to what extent, Belin is entitled to payment of said maintenance and cure benefits from Weber Marine.

WHEREFORE, Plaintiff Weber Marine prays that:

a.      Process in due form of law according to the practice of this Court be issued against Defendant Edwin Belin, citing him to appear and answer this Complaint.

b.      This Court declare, pursuant to 28 U.S.C. §2201 and Rule 57, Fed.R.Civ.P., the scope of Plaintiff Weber Marine's reasonable maintenance and cure obligations to Defendant Edwin Belin, and for such other and further relief as to the Court seems just and proper.

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Giles B. Howard (to seek admission *pro hac vice*)
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
314-516-1700 (phone)
314-421-2382 (fax)
giles@gp-law.com

and

By: /s/ Dean A. Sutherland
DEAN A. SUTHERLAND (#12585)
Jeansonne & Remondet
365 Canal Street, Suite 1660
New Orleans, LA 70130
Telephone: (504) 524-7333
deans@jeanrem.com

**Attorneys for Plaintiff**