## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WEBER MARINE, L.L.C.** | * | **CASE NO. 3:22-cv-000010-BAJ-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE BRIAN JACKSON** |
| | * | |
| **EDWIN BELIN** | * | **MAGISTRATE JUDGE RICHARD L. BOURGEOUIS, JR.** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### AMENDED ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Edwin Belin, who in answer to the Complaint for Declaratory Judgment filed by Weber Marine, L.L.C., as Plaintiff in Counterclaim to same, and as Third-Party Plaintiff provides as follows:

### ANSWER

The Complaint for Declaratory Judgment fails to state a claim upon which relief can be granted.

AND NOW, further answering the specific allegations contained in the Complaint for Declaratory Judgment, defendant avers as follows:

1.

The allegations contained in paragraph I of the Complaint for Declaratory Judgment do not require an answer. However, insofar as an answer may be deemed required, Defendant denies the allegations for lack of sufficient information upon which to justify reasonable belief therein.

2.

The allegations contained in paragraph II of the Complaint for Declaratory Judgment are denied for lack of sufficient information upon which to justify reasonable belief therein.

3.

The allegations contained in paragraph III of the Complaint for Declaratory Judgment are admitted.

4.

To the extent that paragraph IV of the Complaint for Declaratory Judgment requires an answer, the allegations are denied for lack of sufficient information upon which to justify reasonable belief therein. Defendant admits the admiralty and maritime jurisdiction of this Honorable Court.

5.

The allegations contained in paragraph V of the Complaint for Declaratory Judgment are denied for lack of sufficient information upon which to justify reasonable belief therein.

6.

The allegations contained in paragraph VI of the Complaint for Declaratory Judgment are admitted.

7.

Defendant admits the allegations contained in paragraph VII of the Complaint for Declaratory Judgment with respect to "the precise nature, cause, and extent" of Defendant's injuries remaining in dispute between the parties and that Mr. Belin "has sought and continues to seek" maintenance and cure benefits. Defendant denies the remaining allegations as written.

8.

Defendant admits the allegations contained in paragraph VIII of the Complaint for Declaratory Judgment with respect to Defendant seeking further medical treatment. Defendant denies the remaining allegations as written.

9.

To the extent that paragraph IX of the Complaint for Declaratory Judgment requires an answer, Defendant denies the allegations for lack of knowledge sufficient to justify a belief therein.

10.

The prayer for relief does not require a response from Defendant, but to the extent one is required, Defendant denies the allegations contained therein.

## **COUNTER CLAIM**

AND NOW, defendant, Edwin Belin, appearing as plaintiff-in-counterclaim through undersigned counsel submits the following:

That Edwin Belin is an adult resident citizen of the State of Louisiana, and who respectfully represents the following, to-wit:

I.

Plaintiff brings this action pursuant to Title 46 U.S.C. § 30104, *et seq.*, the Jones Act, and pursuant to the General Maritime Laws of the United States. As such, pursuant to Title 28 U.S.C. § 1916, plaintiff is entitled to bring this action without the necessity of pre-payment of costs, fees, or the posting of security. Plaintiff designates this matter as an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Made defendant-in-counterclaim herein is Weber Marine, L.L.C., upon information and belief, a limited liability company authorized to conduct business within the State of Louisiana, who at all times pertinent hereto was qualified to do and doing business within the jurisdiction of this Honorable Court and the State of Louisiana.

III.

On or about September 30, 2021, plaintiff-in-counterclaim, Edwin Belin, was employed by defendant-in-counterclaim, Weber Marine, L.L.C., as a boat captain and was working aboard a crane barge which was owned, operated, and controlled by Weber Marine, L.L.C. while same was afloat on navigable waters within the jurisdiction of this Honorable Court.

IV.

On or about September 30, 2021, plaintiff-in-counterclaim, Edwin Belin, sustained serious injury to his mind and body, including, but not limited to, his neck, back, and shoulder, when he fell while attaching a chain to the crane bucket aboard the barge, while within the course and scope of his employment as a seaman and member of the crew of the said vessel and/or tow.

V.

Plaintiff-in-counterclaim, Edwin Belin, was injured solely through the negligence, fault, or inattention of duties by the defendant-in-counterclaim, Weber Marine, L.L.C., their agents and/or employees in one or more of the following non-exclusive particulars, to-wit:

a.  failing to provide Edwin Belin with a safe place to work;

b.  failing to keep the vessel's machinery, appurtenances, and equipment in safe and proper working order during operations;

  c.  failing to adequately inspect its vessel and tow and keeping them in a safe and operable condition;

  d.  failing to provide adequate training and supervision;

  e.  failing to provide an adequate, qualified, and competent crew; and

  f.  all other negligent acts and/or omissions to be shown at the trial of this action.

VI.

Edwin Belin's injuries were further caused, contributed to, and/or worsened by the existence of one or more of the following unseaworthy conditions on board the barge, which rendered the said vessel unfit for its intended purposes on the date of said accident:

  a.  the vessel and its tow were unsafe for the performance of the operation in question;

  b.  the vessel's equipment and appurtenances were inadequate and/or in state of disrepair such that it was not fit for use; and

  c.  other unseaworthy conditions to be determined at the trial of this action.

VII.

As a result of the above and foregoing negligent acts and/or omissions and unseaworthy conditions, plaintiff-in-counterclaim, Edwin Belin, suffered severe and disabling physical and mental injuries and seeks monetary damages for the following, to-wit:

  a.  Past and future loss of wages;

  b.  Impairment of future earning capacity;

  c.  Physical pain and suffering;

  d.  Mental and emotional pain and suffering;

  e.  Past and future medical expenses;

  f.  Loss of enjoyment of life; and

  g.  Additional damages to be shown at the trial of this action.

VIII.

Plaintiff-in-counterclaim, Edwin Belin, is further entitled to maintenance and cure benefits from the above defendant-in-counterclaim until such time as he reaches maximum medical cure and is further entitled to compensatory damages, punitive damages, and attorney's fees and costs in the event that the defendant-in-counterclaim unreasonably refused to pay maintenance and cure benefits.

<b><u>THIRD-PARTY COMPLAINT</u></b>

AND NOW, through undersigned counsel, for its Third-Party Complaint, Edwin Belin ("Mr. Belin") respectfully represents that:

I.

Mr. Belin brings this action pursuant to the General Maritime Laws of the United States.

II.

Made Third-Party Defendant herein is AMERICAN RIVER TRANSPORTATION CO., LLC (hereinafter "ARTCo"), upon information and belief, a limited liability company authorized to conduct business within the State of Louisiana, who at all times pertinent hereto was qualified to do and doing business within the jurisdiction of this Honorable Court and the State of Louisiana.

III.

On or about September 30, 2021, Mr. Belin was working as a boat captain aboard a crane barge, which was owned, operated, and controlled by Weber Marine, L.L.C. while the same was afloat on navigable waters within the jurisdiction of this Honorable Court. The crane barge was

positioned alongside barge ART 45201, which was owned, operated, and/or controlled by ARTCo, and involved in the cargo operation in which Mr. Belin was injured.

IV.

On or about September 30, 2021, Mr. Belin sustained serious injury to his mind and body, including, but not limited to, his neck, back, and shoulder, when he fell while attaching a chain to the crane bucket aboard the Weber crane barge and/or ART 45201 during a cargo operation.

V.

Mr. Belin was injured through the negligence, fault, or inattention of duties by ARTCo, its agents and/or employees in one or more of the following non-exclusive particulars, to-wit:

a. failing to keep the vessel's machinery, appurtenances, and equipment in safe and proper working order during operations;

b. failing to adequately inspect its vessel and tow and keeping them in a safe and operable condition;

c. failing to provide adequate training and supervision;

d. failing to provide an adequate, qualified, and competent crew; and

e. all other negligent acts and/or omissions to be shown at the trial of this action.

VI.

Mr. Belin's injuries were further caused, contributed to, and/or worsened by the existence of one or more of the following unseaworthy conditions on board the barge, which rendered the said vessel unfit for its intended purposes on the date of said accident:

a. the vessel and its tow were unsafe for the performance of the operation in question;

    b.       the vessel's equipment and appurtenances were inadequate and/or in state of disrepair such that they were not fit for use;

    c.       the barge covers aboard the ART 45201 had inadequate non-skid and/or no slip resistant material; and

    c.       other unseaworthy conditions to be determined at the trial of this action.

## VII.

As a result of the above and foregoing negligent acts and/or omissions and unseaworthy conditions, Mr. Belin suffered severe and disabling physical and mental injuries and seeks monetary damages for the following, to-wit:

    a.       Past and future loss of wages;

    b.       Impairment of future earning capacity;

    c.       Physical pain and suffering;

    d.       Mental and emotional pain and suffering;

    e.       Past and future medical expenses;

    f.       Loss of enjoyment of life; and

    g.       Additional damages to be shown at the trial of this action.

**WHEREFORE**, Edwin Belin, prays that his affirmative defenses and answer be deemed good and sufficient and, that after due proceedings are had, this Court enter judgment in favor Edwin Belin, dismissing the Complaint for Declaratory Judgment, at Plaintiff's cost, and for all equitable relief to which he may be entitled.

**WHEREFORE**, Edwin Belin further prays that defendant-in-counterclaim, Weber Marine, L.L.C., be duly cited to appear and answer within the time as prescribed by law, and that after due proceedings are had, that there be judgment herein on the counterclaim in favor of Edwin

Belin, and against Weber Marine, L.L.C. for damages and for all other general and equitable relief for which he may be entitled.

**WHEREFORE**, Mr. Belin further prays that ARTCo be duly cited to appear and answer within the time as prescribed by law, and that after due proceedings are had, that there be judgment herein on the Third-Party Complaint against ARTCo for damages and for all other general and equitable relief for which he may be entitled.

Respectfully submitted,

*/s/ Hugh P. Lambert*
Hugh P. Lambert, T.A. (LA Bar #7933)
J. Christopher Zainey, Jr., Esq. (LA Bar #32022)
Jacki L. Smith, Esq. (LA Bar # 34769)
Brian J. Mersman, Esq. (LA Bar #38624)
LAMBERT, ZAINEY, SMITH & SOSO, PLC
701 Magazine St.
New Orleans, LA 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertzainey.com
czainey@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com

and

*/s/ Randal L. Gaines*
Randal L. Gaines (LA Bar #17576)
7 Turnberry Drive
Laplace, LA 70068
Telephone: (225) 647-3383
Facsimile: (504) 487-9904

*Counsel for Defendant and Plaintiff-in-Counterclaim*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2023, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. Additionally, on same date, a copy of the foregoing pleading was served on all counsel of record via electronic mail and/or facsimile.

      */s/ Hugh P. Lambert*
      **HUGH P. LAMBERT, T.A. (LA Bar #7933)**